UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELLIOT LEVINE,

                        Plaintiff,

           - against -

CRAIG APKER, Warden in his official
capacity,

                       Defendant.
------------------------------------------------------------x

05 Cv. 3472 (CLB)

*Memorandum and Order*

Brieant, J.

      By his Petition originally filed *pro se* on April 4, 2005, Mr. Elliott Levine, an inmate in the Federal Correctional Institute at Otisville, New York petitioned this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. The Petition raises the issue of whether Mr. Levine could be placed in a community correctional center prior to the conclusion of his sentence for a period longer than the lesser of the last ten percent of his sentence or six months. This issue arose because the Federal Bureau of Prisons in December 2002 implemented a policy, consistent with language in 18 U.S.C. § 3624(c) precluding such designation.

      For some years, the Bureau of Prisons had been designating most non-violent prisoners who had six months or less left to serve on their sentences, without regard to the ten percent limitation. In December 2002, a new policy was announced. This Court upheld the December 2002 policy. *Adler v. Menifee,* 293 F.2d 363, 367-69 (S.D.N.Y. 2003). Many other district judges found the policy unlawful for various reasons, although no court held that the Bureau of Prisons was required to place an inmate in a CCC for more than ten percent of his sentence.

-1-

Apparently, the issue has evaded appellate review.

On January 10, 2005, the Bureau of Prisons promulgated a Rule effective February 14, 2005 under 28 C.F.R. § 570.20 *et seq.* Familiarity of the reader with that Rule is assumed. In effect, the Bureau of Prisons engaged in a categorical exercise of discretion for designating inmates to community confinement at the back end of their sentences, and by § 570.21, the Bureau determined henceforth to designate inmates to community confinement only as a part of prerelease custody and programming during the last ten percent of the prison sentence being served, not to exceed six months. Section 570.21(b) indicates an intention on the part of the Bureau to exceed these time frames when specific Bureau programs allow for greater periods of community confinement as provided by separate statutory authority. See 28 C.F.R. § 57.20-21. The Bureau stated that the new rule was implemented "to determine how to exercise such discretion to minimize the potential for disparity of treatment" and purports to consider Congressional intent and "various policy considerations including the need to eliminate favoritism and promote equal treatment of similarly situated inmates."

This Petition seeks an order from the Court requiring the Bureau to consider in good faith transferring him to a community confinement center without reference to the February 2005 Rules. Mr. Levine has already tentatively been scheduled for such a transfer effective in October of 2005.

This Court agrees with the Government that the interpretation of the statutory authority

for the new Rule is entitled to *Chevron* deference. *See Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

This Court adheres to its prior analysis of this problem set forth in *Adler,* and concludes that the February 2005 Rules do not effect a material alteration in the issue which is before the Court for consideration. This Court finds no Constitutional infirmity in the exercise of categorical discretion under circumstances where the statute calls for individualized consideration. *Lopez v. Davis,* 531 U.S. 227 (2001). To the extent there are other district judges' opinions to the contrary, they are not binding on this Court. See generally *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 430 n.10 (1996).

The February 2005 Rules being applied to defendants previously convicted and imprisoned does not violate the *ex post facto* clause in the Constitution because, as pointed out in *Adler*, there is no change in the plain meaning of the statute, and at no time did the prisoner have any right to determine the location of his imprisonment. The changes do not increase the sentence penalty imposed on anybody. *California Department of Corrections v. Morales,* 514 U.S. 499, 506 n.3 (1995). *Lee v. New York*, 87 F.3d 55, 59 (2d Cir. 1996).

Accordingly, the Petition is denied for want of merit. Recognizing that other judges in this and other district courts have held to the contrary, a Certificate of Appealability shall be issued to Mr. Levine.

The Clerk shall file a final judgment.

X

X

X

X

X

X

X

SO ORDERED.

Dated: White Plains, New York
     May 20, 2005



_____
Charles L. Brieant, U.S.D.J.